UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATHANIEL BASOLA SOBAYO,<br><br>    Plaintiff,<br><br>  vs.<br><br>DREW HEALTH FOUNDATION INC, et al.,<br><br>    Defendants. | Case No: C 11-00701 SBA<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. 7, 11, 21 |

The parties are presently before the Court on Defendants' motions to dismiss, Dkt. 7 and 11, and Plaintiff's motion for leave to file an amended complaint, Dkt. 21. Having read and considered the papers filed in connection with this matter, as directed below, the Court determines that further briefing is required for the purposes of determining whether it has subject matter jurisdiction over the instant action.

I.  **BACKGROUND**

On February 15, 2011, pro se Plaintiff filed this action against Defendant. Dkt. 1. In the complaint, Plaintiff brings suit against Defendants for their unlawful detainer action in state court, which they brought as a result of his failure to pay rent on his commercial lease. Id. Plaintiff's complaint is incoherent, making bald assertions of fact and simply listing the title of his causes of action without alleging any facts to support those causes of action. Dkt. 1. On March 22, 2011 and March 23, 2011, Defendants moved to dismiss the complaint. Dkt. 7, 11. They assert several arguments, including, among others, that the Court lacks jurisdiction and Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Id. On July 1, 2011, Plaintiff filed a motion for leave to amend his complaint. Dkt. 21. The proposed amended complaint contains the same defects found in his initial complaint. Id.

## II. LEGAL STANDARD

A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

## III. DIVERSITY JURISDICTION

In determining an individual's citizenship for purposes of diversity jurisdiction, courts look at the individual's domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The domicile is the person's permanent home, where he resides with the intention to remain. Id. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. With regard to a business, the citizenship attaches to the state under the law of which it is organized or incorporated, and the state of the company's principal place of business. 28 U.S.C. 1332(c)(1); Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010); Busch v. CitiMortgage, Inc., 11-CV-03192-EJD, 2011 WL 3627042, *1 (N.D. Cal. Aug. 17, 2011). While it appears that Plaintiff and several, if not all, Defendants are citizens of California, destroying diversity jurisdiction, Plaintiff fails to allege any facts of the parties' citizenship. Plaintiff also fails to allege an amount in controversy. To expedite the Court's determination of whether diversity jurisdiction exists, the Court directs the parties to provide further information as detailed below.

## IV. FEDERAL QUESTION JURISDICTION

Moreover, it is not apparent from the complaint that the Court has federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's action. In Plaintiff's proposed amended complaint, Plaintiff lists the title of twenty-six causes of action as claims he seeks

to pursue against Defendants.  Of those claims, all are state-law claims, except those asserting civil rights violations and housing discrimination in connection with the unlawful detainer action involving his commercial lease.  An examination of the proposed amended complaint reveals that the Court lacks essential information from which it may determine whether federal question jurisdiction exists.

Certain of Plaintiff's civil rights claims are precluded because they lack the necessary state-action allegations.  Critical to the assertion of a claim alleging civil rights violations, such as under 42 U.S.C. § 1983, and violations under the United States constitution is the principle that individual rights are protected from government action only.  Jackson v. Metro Edison Co., 419 U.S. 345, 349 (1974); Single Moms, Inc. v. Mont. Power Co., 331 F.3d 743, 746 (9th Cir. 2003).  Other than allegations that Defendants instituted the unlawful detainer action against him, Plaintiff states no facts pertaining to state action.  Moreover, use of the unlawful detainer action standing alone does not transform acts by a private party into state action for civil rights or constitutional purposes. Brambilla v. Reo Bay Area, LP, C 11-03202 SI, 2011 WL 4031142, *4 (N.D. Cal. Sept. 8, 2011).  In addition, the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, does not apply to commercial leases, only residential rentals or housing, and therefore Plaintiff cannot state a housing discrimination claim under this Act.  See 42 U.S.C. § 3604 (stating FHA makes unlawful to discriminate in the sale or rental of a "dwelling"); id. § 3602(b) (defining "dwelling" as "building, structure, or portion thereof which is occupied . . . for occupancy as a residence by one or more families"); Patel v. Holley House Motels, 483 F.Supp. 374, 381 (S.D. Ala. 1979) (finding motels do not fit within definition of "dwelling"); Murry v. City of Fayetteville, No. 505-CV-861-BR, 2006 WL 4569225 (E.D.N.C. 2006) ("It is quite clear from the language of the Fair Housing section of title 42 that it applies to just that: *housing*.").

However, racial discrimination claims regarding the rental of commercial property may be pursued under 42 U.S.C. § 1981 and § 1982, which make governmental and nongovernmental conduct actionable, and therefore do not involve a state-action

requirement. Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) (finding § 1981 applies to private discrimination as the "words of the statute are unambiguous"); Jimenez v. Servicios Agricolas Mex, Inc., 742 F.Supp.2d 1078, 1087 (D.Ariz. Sept. 20, 2010) (stating § 1981 applies to nongovernment action); Johnson v. Walgreen, Nos. 92-1084 & 92-1085, 1992 WL 357828, *4 (1st Cir. Dec. 7, 1992) (stating § 1982 applies to nongovernment action). Under 42 U.S.C. § 1981, race discrimination in the entering into contracts is prohibited. Runyon v. McCrary, 427 U.S. 160, 170 (1976). Under § 1982, racial discrimination in leases of property is prohibited. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 436 (1968).

To state a claim under § 1981, Plaintiff must allege that (1) he is a member of a racial minority; (2) defendant had an intent to discriminate on the basis of race against him; and (3) the discrimination concerns the making or enforcement of a contract. Keum v. Virgin Am. Inc., C 10-03285 SI, 2011 WL 835537, *8 (N.D. Cal. Mar. 4, 2011); Dawkins v. City of Honolulu, 761 F.Supp.2d 1080, 1087 (D. Haw. 2010). To state a claim under § 1982, Plaintiff must allege that (1) he is a member of a racial minority; (2) he applied for and was qualified to rent or purchase certain property or housing; (3) he was rejected because of his race; and (4) the opportunity to purchase or rent remained open. Shipley v. New Castle Cnty., 597 F.Supp.2d 443, 448 (D.Del. 2009). Furthermore, with regard to § 1981 and § 1982, Plaintiff may raise a conspiracy to violate his civil rights under § 1985, as long as he alleges specific facts supporting the existence of the conspiracy. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

As previously indicated, the complaint and proposed amended complaint are completely devoid of any facts establishing the existence of any federal claims, including claims under § 1981, § 1982 or § 1985. Consequently, the Court is not able to determine whether it has federal question jurisdiction in the instant action. To expedite this matter, the Court directs the parties to submit supplemental briefing on the issues as ordered here.

V. **CONCLUSION**

For the foregoing reasons,

- 4 -

IT IS HEREBY ORDERED THAT:

1. Plaintiff shall show cause in writing why the instant action should not be dismissed for lack of subject matter jurisdiction. Within fourteen (14) days of the date of this Order, Plaintiff shall file a supplemental brief of no more than ten (10) pages. Plaintiff shall provide his and the individual Defendants' states of domicile and the business Defendants' states of organization and principal place of business. Plaintiff shall state the amount of damages he seeks in this action. In addition, Plaintiff shall put forth facts regarding a § 1981 claim by stating (1) whether he is a racial minority, and, if so, what his race is; (2) whether defendant had an intent to discriminate against him because of his race, and, if so, how; and (3) how the racial discrimination, if any, concerned the making or enforcement of his commercial lease. Also in the supplemental brief, Plaintiff shall put forth facts regarding a § 1982 by stating (1) how he was qualified to rent the commercial property involved in the instant dispute; (2) whether he was prevented from renting the property because of his race, and, if so, how; and (3) whether the opportunity to rent the property remained opened. If Plaintiff claims a conspiracy under § 1985, Plaintiff shall identify the Defendants who participated in the conspiracy, what their actions were and how those actions related to any § 1981 or § 1982 claim he may assert.

2. Within seven (7) days of the date that Plaintiff files his supplemental brief, Defendant shall file a responsive supplemental brief of no more than ten (10) pages, focusing on the sole issue of whether the Court has subject matter jurisdiction over the case.

3. The matter will be deemed submitted upon the close of briefing.

4. Plaintiff is warned that FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS UPON WHICH TO DISMISS THE ACTION WITHOUT FURTHER NOTICE.

IT IS SO ORDERED.

Dated: September _19, 2011

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL BASOLA SOBAYO,

      Plaintiff,

  v.

DREW HEALTH FOUNDATION INC. et al,

      Defendant.
                                     /

Case Number: CV11-00701 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nathaniel Basola Sobayo
2148 University Avenue
East Palo Alto, CA 94303-1714

Dated: September 20, 2011

                                  Richard W. Wieking, Clerk

                                        By: LISA R CLARK, Deputy Clerk