UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATHANIEL BASOLA SOBAYO,<br><br>    Plaintiff,<br><br>    vs.<br><br>DREW HEALTH FOUNDATION INC, et al.,<br><br>    Defendants. | Case No: C 11-00701 SBA<br><br>**DISMISSAL ORDER**<br><br>Docket 7, 11, 21, 34, 35. |

On September 20, 2011, this Court issued an Order to Show Cause why the instant action should not be dismissed for lack of subject matter jurisdiction. Dkt. 34. In the Order, the Court directed the parties to file supplemental briefs on the issue of whether the Court has subject matter jurisdiction over this case. Id. On October 3, 2011, Plaintiff filed a supplemental brief. Dkt. 36. Defendants filed supplemental briefs on October 6, 2011 and October 7, 2011. Dkt. 37, 38. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DISMISSES this action with prejudice.

**I.   BACKGROUND**

On February 15, 2011, Plaintiff, proceeding pro se, filed the instant action against Defendants. Compl., Dkt. 1. Plaintiff brings suit against Defendants for their unlawful detainer action in state court, which they brought as a result of his failure to pay rent on his commercial lease. Id. Plaintiff's complaint is incoherent, making bald assertions of fact

and simply listing the title of his causes of action without alleging any facts to support those causes of action. Id. On March 22, 2011 and March 23, 2011, Defendants moved to dismiss the complaint. Dkt. 7, 11. They assert several arguments, including, among others, that the Court lacks jurisdiction and Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Id. On July 1, 2011, Plaintiff filed a motion for leave to amend his complaint. Dkt. 21. The proposed amended complaint contains the same defects found in his initial complaint. Id.

On September 20, 2011, this Court issued an Order to Show Cause why the instant action should not be dismissed for lack of subject matter jurisdiction. Dkt. 34. Specifically, the Court ordered that:

> Plaintiff shall show cause in writing why the instant action should not be dismissed for lack of subject matter jurisdiction. Within fourteen (14) days of the date of this Order, Plaintiff shall file a supplemental brief of no more than ten (10) pages. Plaintiff shall provide his and the individual Defendants' states of domicile and the business Defendants' states of organization and principal place of business. Plaintiff shall state the amount of damages he seeks in this action. In addition, Plaintiff shall put forth facts regarding a § 1981 claim by stating (1) whether he is a racial minority, and, if so, what his race is; (2) whether defendant had an intent to discriminate against him because of his race, and, if so, how; and (3) how the racial discrimination, if any, concerned the making or enforcement of his commercial lease. Also in the supplemental brief, Plaintiff shall put forth facts regarding a § 1982 by stating (1) how he was qualified to rent the commercial property involved in the instant dispute; (2) whether he was prevented from renting the property because of his race, and, if so, how; and (3) whether the opportunity to rent the property remained opened. If Plaintiff claims a conspiracy under § 1985, Plaintiff shall identify the Defendants who participated in the conspiracy, what their actions were and how those actions related to any § 1981 or § 1982 claim he may assert.

Id.

The Order also directed Defendants to file supplemental briefs "focusing on the sole issue of whether the Court has subject matter jurisdiction over the case." Dkt. 34. The Order expressly warned Plaintiff that: "FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS UPON WHICH TO DISMISS THE ACTION WITHOUT FURTHER NOTICE." Id.

## II. DISCUSSION

### A. Legal Standard

#### 1. Subject Matter Jurisdiction

A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

#### 2. Motion to Dismiss

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim on which relief may be granted. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951

1    The complaint is properly dismissed if it fails to plead "enough facts to state a claim
2  to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
3  (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that
4  allows the court to draw the reasonable inference that the defendant is liable for the
5  misconduct alleged." Iqbal, 129 S.Ct. at 1949.  Thus, "for a complaint to survive a motion
6  to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that
7  content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v.
8  U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).
9    Where a complaint or claim is dismissed, leave to amend generally is granted, unless
10 further amendment would be futile.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083,
11 1087-1088 (9th Cir. 2002); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (if
12 a court dismisses the complaint, it should grant leave to amend, unless it determines that the
13 pleading could not possibly be cured by the allegation of other facts).

### B. Order to Show Cause

15   As stated in the Court's Order to Show Cause, the complaint and proposed amended
16 complaint do not contain facts establishing diversity jurisdiction and are completely devoid
17 of any facts establishing the existence of any federal claims, including claims under §§
18 1981, 1982, 1983, or 1985.  As a consequence, the Court was unable to determine whether
19 it has subject matter jurisdiction over the instant action, and therefore directed the parties to
20 file supplemental briefing on this issue.
21   Having reviewed the supplemental briefing, the Court finds that Plaintiff has failed
22 to show cause why the instant action should not be dismissed for lack of subject matter
23 jurisdiction.  As for diversity jurisdiction, while Plaintiff asserts that his state of domicile is
24 California and that he seeks seven billion dollars in damages, he failed to provide the
25 "individual Defendants' states of domicile and the business Defendants' states of
26 organization and principal place of business," as required by the Order to Show Cause.
27 Instead, Plaintiff simply states that "Defendants' state of domicile are not yet known, and

they are currently hidden[] and[] yet to be ascertained."  Accordingly, Plaintiff failed to demonstrate that diversity jurisdiction exists.

As for federal question jurisdiction, Plaintiff's supplemental brief states that pursuant to 42 U.S.C. §§ 1981 and 1982, Plaintiff "believe[s] that Defendants have discriminated against him, on the ground of his nationality, racial and eth[n]ic backgrounds in the rental of, and his attempt to purchase the subject commercial property."  Plaintiff further states that: he is a "black man of African de[s]cent"; "Defendants have and continue to have deliberate and purposeful intent to discriminate against [him] on the basis of his race"; he was "rejected, evaded and neglected because of his race[] and national origin"; and "the opportunity to rent, lease, and or purchase remain[e]d o[]pen[] before and through the referenced frivolous evictions and even after."

In addition, Plaintiff states that: the "defendants, intentionally, purposefully knowingly and pre-determinedly intended and actually discriminated against him because of his race, as evidence to be presented shall show"; the "racial and nationality discrimination . . . concerned the making and enforcement[] of his commercial lease[] and his evaded efforts to purchase the subject property"; he was qualified to "afford the subject premises and property" because the rent or lease payments of the premises was totally paid until the frivolous lawsuit was filed; and he was "prevented from renting, leasing and purchasing the property . . . because of his race and nationality . . . yet the opportunity to rent, lease, and or purchase remained open, before during and after, eviction."

Plaintiff further states that under §§ 1981 and 1982 the pleading of the conspiracy claims are "delegated to the proposed attorneys."  Plaintiff also states that Defendants violated his civil rights under § 1983 because "Defendants illegally us[ed] their lawyers and law firms to manipulate the courts to oppress and suppress, the civil rights of . . . Plaintiff."  Finally, Plaintiff states that under § 1985, he alleges "conspiracy against his civil rights and

civil liberties[] and the facts supporting these allegations will[] be presented by Plaintiff's attorneys and or law firms[] when they come on board."[1]

The Court finds that Plaintiff has failed to demonstrate that federal question jurisdiction exists. Plaintiff's supplemental brief contains the same deficiencies as his complaint and proposed amended complaint. The brief is vague, incoherent, and fails to provide facts to support Plaintiff's causes of action. For instance, with respect to his §§ 1981 and 1982 causes of action, Plaintiff's brief is devoid of factual allegations that support any claim by Plaintiff that he was discriminated against on account of his race or that Defendants' actions had a racial impact which negatively affected him.[2] Nor has Plaintiff asserted sufficient facts to state a viable claim under §§ 1983[3] or 1985.[4]

Aside from conclusory assertions of discrimination, Plaintiff has failed to adequately allege how his rights were violated and to identify each Defendant's role therein. Indeed, the only Defendant specifically discussed in his supplemental brief is Drew Health

---

[1] The Court notes that Plaintiff repeatedly states that he is delegating the "pleading" of his claims to his "proposed lawyers." However, to date, no attorney has made an appearance on behalf of Plaintiff.

[2] Section 1981 prohibits racial discrimination in the making and enforcement of contracts. 42 U.S.C. § 1981. Section 1982 provide that: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Although similar to a § 1981 claim, "racial motivation is not an element of [a § ]1982 prima facie case; only a racial impact need be shown." Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 551 (9th Cir. 1980).

[3] To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Where multiple defendants are involved, the pleadings must establish a nexus between each defendant's actions and the alleged deprivation of plaintiff's constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendants under § 1983 only if plaintiff can show that defendant proximately caused deprivation of a federally protected right).

[4] To state a claim under § 1985 for a conspiracy to violate civil rights, a plaintiff must plead four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

Foundation, Inc., and none of the allegations directed at its conduct give rise to a plausible federal claim on which relief may be granted.  In short, Plaintiff's conclusory, fact-barren allegations are insufficient to state an actionable claim for relief under §§ 1981, 1982, 1983, or 1985.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.  Nowhere does Plaintiff provide an explanation or any detail as to the specific conduct on the part of each Defendant that supports a claim for relief against that Defendant.  Plaintiff has merely alleged that wrongs have been committed and demands relief without specifying the overt facts that each Defendant has engaged in to support his claims.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (to state an actionable claim, a plaintiff must allege with at least some degree of particularity overt facts which a defendant engaged in to support plaintiff's claim; conclusory allegations unsupported by facts are insufficient to state a claim).

Because Plaintiff's supplemental brief does not cure the deficiencies that have previously been identified for him by both this Court and the Defendants, the Court concludes that dismissal without leave to amend is appropriate.  Despite repeated attempts, Plaintiff has failed to provide factual content that allows the Court to draw the reasonable inference that the Defendants have violated a federal law.  The factual content of Plaintiff's complaint, proposed amended complaint, and supplemental brief are not plausibly suggestive of a claim entitling the Plaintiff to relief under federal law.  Accordingly, because Plaintiff has been unable to correct the deficiencies in his allegations after being afforded the opportunity to do so, the Court DISMISSES this action without leave to amend.  See Lopez, 203 F.3d at 1126-1127 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints unless it determines that the pleading could not possibly be cured by the allegation of other facts).

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED with prejudice.
2. This Order terminates Docket 7, 11, 21, 34, 35.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: March 30, 2012

*[signature: Saundra B Armstrong]*
SAUNDRA BROWN ARMSTRONG
United States District Judge